THE STATE, EX REL. BUSCH, *v.* BROWN, SECY. OF STATE, ET AL.

[Cite as State, ex rel. Busch, *v.* Brown (1985), 20 Ohio St. 3d 19.]

(No. 85-1575—Decided October 30, 1985.)

*Mansour, Gavin, Gerlack & Manos Co., L.P.A., Michael T. Gavin* and *Eli Manos,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Andrew I. Sutter,* for respondent secretary of state.

*John T. Corrigan,* prosecuting attorney, and *Patrick J. Murphy,* for respondent board of elections.

*Dennis M. Clough, pro se,* urging denial of the writ for *amicus curiae,* Dennis M. Clough.

*Per Curiam.* Relator is prohibited from being a write-in candidate by both the Ohio Revised Code and the Charter of the city of Westlake.

R.C. 3513.04 provides in part:

"No person who seeks party nomination for an office or position at a primary election by declaration of candidacy shall be permitted to become a candidate at the following general election for an office by nominating petition or by write-in."

Section 7, Article VII of the Westlake City Charter provides:

"Write-in votes for municipal candidates in general elections shall be permitted only if a duly nominated candidate cannot participate due to death or other disqualifications, or if each candidate does not have an opponent. * * *"

Relator attempts to avoid the application of this charter provision, contending that, under the Ohio Constitution, only the General Assembly may enact laws governing the conduct of elections. This argument is

without merit. It is well-settled that a charter municipality has the authority to prescribe the manner of electing its officials, and that the charter provisions will govern in the event they differ from the state law. *State, ex rel. Graham,* v. *Bd. of Elections* (1979), 60 Ohio St. 2d 123, 124 [14 O.O.3d 349]. Thus, the limitation imposed by the Westlake City Charter applies in this case to prevent relator from being a write-in candidate at the general election. He asserts no other claim challenging the validity of the charter provision.

Assuming that the charter provision will be held inapplicable, relator proceeds to challenge the above-quoted portion of R.C. 3513.04, claiming that it deprives him of his rights to free speech, assembly and franchise guaranteed by "Sections 5 [*sic*] and 11, Article I, and Section 1, Article V, of the Ohio Constitution and the First and Fourteenth Amendments to the United States Constitution." In light of our determination that the charter provision does apply herein, we need not address this argument.

Relator had access to the primary ballot but lost the election. He is not entitled to a second opportunity by a write-in candidacy.

The writ is denied.

*Writ denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in judgment only.