**[This opinion has been published in Ohio Official Reports at 74 Ohio St.3d 141.]**

PASCHAL ET AL. *v*. CUYAHOGA COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *Paschal v. Cuyahoga Cty. Bd. of Elections*, 1995-Ohio-267.]

*Mandamus to compel Cuyahoga County Board of Elections and village of Highland Hills to submit an ordinance to the electorate that would prohibit new penal facilities within the village to the electorate—Writ denied, when.*

(No. 95-2071—Submitted October 24, 1995—Decided November 9, 1995.)

IN MANDAMUS.

_____

{¶ 1} Relators are residents of the Cuyahoga County Village of Highland Hills; respondents are the Cuyahoga County Board of Elections and the Highland Hills Village Council. On June 9, 1995, before circulating petitions, relators filed a copy of an initiative petition for an ordinance that would prohibit new penal facilities within the village with the clerk of the village council. On June 30, 1995, they submitted their petitions to the clerk of council for certification, as required by Section 1 of Article VI of the village charter. The clerk certified the ordinance to council on July 20, 1995, also as required by Section 1 of Article VI of the village charter. Council voted against the proposed ordinance on August 28, 1995. In a letter dated either September 6, 1995 or September 13, 1995, relators requested in writing, pursuant to Section 1 of Article VI, that council submit the ordinance to the electorate. At a regular meeting held on September 13, 1995, the council president of council instructed the clerk to file the petition with the board of elections.

{¶ 2} On September 22, 1995, the village clerk submitted the ordinance to the board of elections. On October 2, 1995, the board held a hearing on the matter. The hearing had been requested orally by the village law director. The board voted

in favor of a motion not to submit the ordinance to the electorate because the seventy-five day deadline imposed by R.C. 3501.02 (F) or both R.C. 731.28 and 3501.02 (F) (the record is not clear) had expired.

{¶ 3} On October 11, 1995, relators filed this mandamus action to compel respondents to submit the ordinance to the electorate. Relators filed a memorandum of law with their complaint, as permitted by S.Ct.Prac.R. X(4)(B). On October 18, 1995, respondents filed answers and motions for summary judgment, with accompanying memoranda of law.

———————————

*Grendell & Marrer Co., L.P.A., Timothy J. Grendell* and *Michael J. Haas*, for relators.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Michael P. Butler*, Assistant Prosecuting Attorney, for respondent Cuyahoga County Board of Elections.

*McNeal, Schick, Archibald & Biro Co., L.P.A.*, and *Thomas P. O'Donnell*, for respondent village of Highland Hills.

———————————

**Per Curiam.**

{¶ 4} Relators argue that only the charter governs submission of ordinances proposed by initiative petition in the village under R.C. 731.41.[1] Respondents argue that *both* charter and statutes may apply to initiative procedures where the charter incorporates statutes by reference. *State ex rel Citizens for a Better Beachwood v. Cuyahoga Cty. Bd. of Elections* (1991), 62 Ohio St.3d 167, 580

---

1. R.C. 731.41 states: "Sections 731.28 to 731.41, inclusive, of the Revised Code [initiative and referendum procedures] do not apply to any municipal corporation which adopts its own charter containing an initiative and referendum provision for its own ordinances and other legislative measures."

N.E.2d 1063.[2]  Specifically, respondents argue that R.C. 731.28[3] and R.C. 3501.02 (F)[4] apply because the "charter is silent on the issue of certification by the Clerk."

{¶ 5} Nevertheless, we need not reach these substantive issues.  We note that relators delayed nine days before filing their complaint in this case.  We have stated that extreme diligence and the promptest of actions are required in election cases.  *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 49, 600 N.E.2d 656, 659.  We do not find that relators employed the requisite diligence required in this case.  Accordingly, the writ is denied.

*Writ denied.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

_____

2. Article I of the charter states in part:  "The powers of this Municipality may also be exercised as provided by the general law of Ohio unless the Charter or enactments of Council according to the Charter require otherwise."

3. R.C. 731.28 states in part:  "The board [of elections] shall submit such proposed ordinance or measure for the approval or rejection of the electors of the municipal corporation at the next succeeding general election, occurring subsequent to seventy-five days after the auditor or clerk certifies the sufficiency and validity of the initiative petition to the board of elections."

4. R.C. 3501.02 (F) states:  "Any question or issue, except a candidacy, to be voted upon at an election shall be certified, for placement on the ballot, not less than seventy-five days before the day of the election."