[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 341.]

THE STATE EX REL. LYNCH *v*. CUYAHOGA COUNTY BOARD OF ELECTIONS
ET AL.

[Cite as *State ex rel. Lynch v. Cuyahoga Cty. Bd. of Elections*, 1997-Ohio-339.]

*Mandamus to compel Cuyahoga County Board of Elections to reject the filing of a*
*second write-in candidate for Mayor of Westlake on the November 4, 1997*
*general election ballot—Writ denied, when.*

(No. 97-2102—Submitted October 30, 1997—Decided November 3, 1997.)

IN MANDAMUS.

_____

{¶ 1} Respondent Cuyahoga County Board of Elections ("board") certified incumbent Mayor Dennis M. Clough as the only nominated candidate for Mayor of the city of Westlake on the November 4, 1997 general election ballot. On August 11, 1997, Pat MacNeal filed a declaration of intent to be a write-in candidate for mayor, and on September 15, 1997, intervening respondent Carol A. Corpus filed a declaration of intent to be a write-in mayoral candidate. The board first certified MacNeal and subsequently certified Corpus as write-in candidates for mayor.

{¶ 2} Forty-two days before the election, on September 23, 1997, relator, Westlake Law Director David M. Lynch, advised the board by letter that, in his opinion, the Westlake Charter prohibited more than two candidates in the November 4 mayoral election and requested that the board "take whatever corrective action [that] may be necessary to [e]nsure compliance with the Westlake Charter." On September 30, the board considered Lynch's request and permitted Lynch, Mayor Clough, and Corpus to state their contentions. Lynch argued that under the Westlake Charter, the board should prevent Corpus's write-in candidacy because only the first write-in candidate should have been certified. The board adopted its counsel's recommendation and dismissed Lynch's protest as untimely,

allowing Corpus to remain a write-in candidate for mayor at the November 4 election.

{¶ 3} On October 10, Lynch filed this action for a writ of mandamus to compel the board and its members "to reject the filing by the second write-in candidate, Carol A. Corpus, and instruct its polling officials to count only those write-in votes for [the first write-in candidate,] Pat MacNeal." We granted Corpus's motion to intervene as a respondent, and the parties filed evidence and briefs.

_____

*Cassidy, Reiman & Harbarger* and *David R. Harbarger*, for relator.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *Michael P. Butler* and *Patrick J. Murphy*, Assistant Prosecuting Attorneys, for respondents Cuyahoga County Board of Elections and its members.

*John D. Ryan*, for intervening respondent, Carol A. Corpus.

_____

*Per Curiam.*

{¶ 4} Lynch essentially asserts in his various propositions of law that the board of elections abused its discretion and acted in clear disregard of the Westlake Charter by refusing his request to prevent Corpus's write-in candidacy for mayor. In extraordinary actions challenging the decision of a board of elections, the applicable standard is whether the board engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or pertinent legal provisions. *State ex rel. Kelly v. Cuyahoga Cty. Bd. of Elections* (1994), 70 Ohio St.3d 413, 414, 639 N.E.2d 78, 79.

{¶ 5} The board, however, did not, as Lynch claims, abuse its discretion or disregard the Westlake Charter by rejecting Lynch's objection to Corpus's candidacy. First, as the board determined, Lynch's protest was not timely filed. Under R.C. 3513.041, "[p]rotests against the candidacy of any person filing a

2

declaration of intent to be a write-in candidate may be filed by any qualified elector who is eligible to vote in the election at which the candidacy is to be considered" and the "protest * * * shall be filed not later than four p.m. of the forty-fifth day before the day of the election." See, also, R.C. 3501.39(A) ("The * * * board of elections shall accept any petition described in section 3501.38 of the Revised Code unless one of the following occurs: [1] A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition is invalid, in accordance with any section of the Revised Code providing a protest procedure."). Lynch's protest was filed less than forty-five days before the November 4 election.

{¶ 6} Second, notwithstanding Lynch's argument to the contrary, the board lacked authority to *sua sponte* invalidate Corpus's candidacy under R.C. 3501.39(A)(3)[1] because the fiftieth day prior to the November 4 election had already passed by the time of Lynch's protest as well as the date of the board's hearing on the protest. R.C. 3501.39(B) ("A board of elections shall not invalidate any declaration of candidacy or nominating petition under division [A][3] of this section after the fiftieth day prior to the election at which the candidate seeks nomination to office, if the candidate filed a declaration of candidacy, or election to office, if the candidate filed a nominating petition."); *State ex rel. Harbarger v. Cuyahoga Cty. Bd. of Elections* (1996), 75 Ohio St.3d 44, 46, 661 N.E.2d 699, 701.

{¶ 7} Third, assuming that, as Lynch claims, his September 23 letter was not a protest, his mandamus claim is also barred by failing to file a protest, which constitutes an adequate legal remedy. *State ex rel. Shumate v. Portage Cty. Bd. of Elections* (1992), 64 Ohio St.3d 12, 14-15, 591 N.E.2d 1194, 1196-1197.

---

1. R.C. 3501.39(A)(3) provides that a board of elections shall refuse to accept a petition if "[t]he candidate's candidacy or the petition violates the requirements of this chapter, Chapter 3513. of the Revised Code, or any other requirements established by law."

**{¶ 8}** Fourth, the Westlake Charter does not prohibit Corpus's write-in candidacy. Section 7, Article VII of the Westlake Charter provides that "[w]rite-in votes for municipal candidates in general elections shall be permitted only if a duly nominated candidate cannot participate due to death or other disqualifications, or if each candidate does not have an opponent." Mayor Clough does not have a duly nominated opponent on the November 4 ballot. Therefore, the Westlake Charter permitted "[w]rite-in votes for *municipal candidates*" (emphasis added). If the Westlake Charter had intended to restrict write-in votes to *one* additional candidate, it would have done so by specifying that in Section 7, Article VII. The Westlake Charter does not expressly so provide. Cf. *State ex rel. Busch v. Brown* (1985), 20 Ohio St.3d 19, 20 OBR 136, 485 N.E.2d 247. This conclusion comports with the precept that courts must liberally construe election laws in favor of persons seeking to hold public office to avoid restricting the right of electors to choose from all qualified candidates. *State ex rel. Hawkins v. Pickaway Cty. Bd. of Elections* (1996), 75 Ohio St.3d 275, 278, 662 N.E.2d 17, 19-20.

**{¶ 9}** Finally, as Corpus contends, Lynch's complaint does not state a cause of action for mandamus. Generally, if the allegations in a complaint indicate that the real object sought is injunction, the complaint does not state a cause of action for mandamus and must be dismissed for lack of jurisdiction. See *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 341, 673 N.E.2d 1351, 1354. Since the essence of Lynch's mandamus action is injunctive, *i.e.*, to prevent Corpus's candidacy and to enjoin the board from counting any write-in votes for Corpus, Lynch is not entitled to the requested extraordinary relief in mandamus. *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 70-71, 647 N.E.2d 769, 771.

**{¶ 10}** Accordingly, based on the foregoing, we deny the writ.

*Writ denied.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

RESNICK and COOK, JJ., concur separately.

_____

**ALICE ROBIE RESNICK, J.**, **concurring separately.**

{¶ 11} I agree that the writ of mandamus should be denied. Specifically, I join the first three reasons listed by the majority for denying the writ: (1) that relator's protest was untimely, (2) that the board lacked authority to *sua sponte* invalidate Corpus's candidacy under R.C. 3501.39(A)(3), and (3) that if the September 23 letter was not a protest, then the mandamus claim is barred. Given those procedural deficiencies in relator's protest, which are sufficient in and of themselves to support denial of the writ, I find it unnecessary to consider the specifics of Westlake's Charter. Accordingly, I do not join in the majority's discussion of the fourth reason for denying the writ.

COOK, J., concurs in the foregoing concurring opinion.

_____