JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Matthew Trafis, filed a nominating petition with respondent, Cuyahoga County Board of Elections ("the Board") for the office of member of council for Ward 4 in the City of Seven Hills. Relator, Jim Worgull, is a resident and qualified elector of Seven Hills. Worgull signed the nominating petition on behalf of Matthew Trafis. Respondents are the Board and its individual members: Robert T. Bennett; Edward C. Coaxum, Jr.; Sally D. Florkiewicz; and Loree K. Soggs. A protest challenging the candidacy of Matthew Trafis was filed with respondent Board and respondent members voted three-to-one to uphold the protest and remove the name of Matthew Trafis from the ballot.
 {¶ 2} Relators filed this action requesting that this court issue a writ of mandamus compelling respondents to "submit Relator Trafis' candidacy for the office of Seven Hills Fourth Ward Council Member to the electors of the City of Seven Hills at the November 8, 2005 general election * * *." Complaint, ad damnum clause. Respondents have filed an answer in which they admit the material facts averred in the complaint. Respondents have also filed a motion to dismiss. Relators have filed a brief in opposition to the motion to dismiss. For the reasons stated below, we grant the motion to dismiss.
 {¶ 3} The standard which governs our determination in this action is well-established:
"In extraordinary actions challenging the decision of a board of elections, the applicable standard is whether the board engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or pertinent law. State ex rel. Lynch v. Cuyahoga Cty. Bd. of Elections
(1997), 80 Ohio St. 3d 341, 342, 686 N.E.2d 498, 499."
State ex rel. Valore v. Summit Cty. Bd. of Elections, 87 Ohio St.3d 144,145, 1999-Ohio-317, 718 N.E.2d 415. Relators contend that the Board clearly disregarded the applicable legal provisions contained in the Seven Hills Charter and Ohio case law.
 {¶ 4} The protest against the candidacy of Matthew Trafis asserted that Section 3, Article III of the Seven Hills Charter barred him from being a candidate for elected office in Seven Hills because his father, Gerald Trafis, is currently a member of the council of Seven Hills. Section 3, Article III of the Seven Hills Charter provides, in part:
No person shall be eligible to be a member of council unless he shall have been continuously a resident and qualified elector of the City for at least one (1) year immediately prior to his election or appointment, and no person shall serve as a member of Council unless during his term of office he shall continue to be a resident and qualified elector of the City, and if elected or appointed from a ward, shall be and continue to be a resident of that ward. Any person eligible to be a member of Councilshall not have a family member holding an elected office for the City ofSeven Hills nor have a family member nominated for and/or appointed to anelected office in the City of Seven Hills. For this section, "family" is consanguinity or affinity of the second degree which includes spouse, parents, children, siblings, grandparents, and grandchildren.
(Italicization added.) Relators argue that the language of Section 3, Article III articulates a clear legislative intent that a person is "eligible to be a member of council" by being a resident and elector "for at least one (1) year immediately prior to his election or appointment." In relators' view, the family member provision applies only after election or appointment to the office.
 {¶ 5} We cannot, however, conclude that the language of Section 3, Article III requires the interpretation proposed by relators. Rather, Section 3 Article III can reasonably be read as providing that: in order to be a candidate for council, one must be eligible to serve on council; and, in order to be eligible to serve on council, one must be a resident and elector of sufficient longevity as well as not have a family member holding an elected office, nominated for or appointed to an elected office in Seven Hills. That is, a reasonable reading of Section 3, Article III is that, by establishing the requirements for membership on council, this charter provision necessarily establishes the requirements for being a candidate for council. Such a reading of this provision would be consistent with the Board's decision to remove the name of Matthew Trafis from the ballot. More importantly, this demonstrates that the Board did not clearly disregard the applicable charter provision. Relief in mandamus would not, therefore, be appropriate.
 {¶ 6} Relators also observe that the ballot language which was submitted to and approved by the electors on November 4, 2003 provided, in part: "Shall Section 3, of Article III, * * * of the Charter of the City of Seven Hills be amended to prohibit two or more members of a family from serving in an elected position concurrently." (Italicization added.) Relators note that the term of the father, Gerald Trafis, will expire before the term of the son, relator Matthew Trafis, would begin if Matthew Trafis were elected. Relators argue that the ballot language reflects the clear intent of the amendment to the charter as submitted to and approved by the voters. Yet, relators do not provide this court with any authority requiring that the Board's determination be governed by the ballot language. Absent such authority, we cannot conclude that the Board clearly disregarded applicable legal provisions.
 {¶ 7} Relators also assert that the Board's interpretation of Section 3, Article III violates relators' rights to political expression and association. See: the First Amendment of the United States Constitution; Sections 3 and 11, Ohio Constitution. We note, however, that the Board's application of Section 3, Article III of the Seven Hills Charter does not prevent Matthew Trafis from running for office in Seven Hills or Jim Worgull from supporting Matthew Trafis. That provision as applied by the Board merely prevents him from being a candidate at this time, just as the longevity provision of Section 3, Article III of the Seven Hills Charter restricts eligibility to those who "have been continuously a resident and qualified elector of the City for at least one (1) year immediately prior to his election or appointment." Absent clear legal authority requiring the Board to reject the protest against the candidacy of Matthew Trafis, this court may not grant relief in mandamus.
 {¶ 8} The complaint is also defective.
Moreover, the petition itself is defective because it is improperly captioned. R.C. 2731.04 requires that an application for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying. This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270.
State ex rel. Morton v. Pokorny (Mar. 1, 2001), Cuyahoga App. No. 79187, at 3. The complaint in this action does not purport to be on relation of relator. Instead, the caption reads "Trafis et al. v. Cuyahoga County, Ohio Board of Elections, et al." This defect alone provides a basis for dismissing this action.
 {¶ 9} Accordingly, respondents' motion to dismiss is granted. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
Complaint dismissed.
Dyke, P.J., concurs Corrigan, J., concurs.