[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORIGINAL ACTION IN MANDAMUS
This matter comes before us upon the relators' pro se
application for a writ of mandamus seeking to compel the respondents to provide them with due process and "equal protection of the laws" by enforcing Ohio's criminal laws.
More specifically, the relators, Danny Slaven and Bonnie Rasnic, seek to compel Xenia and Greene County prosecutors, the Xenia police department, and the Greene County sheriff's office to charge and prosecute several individuals. In their application, the relators assert that these individuals have intimidated them, threatened them, assaulted them, destroyed their property, and even planned a murder by trying to hire a "hit man" and offering a contract for Slaven's "head on a platter."
Their application includes copies of various police reports detailing some of their allegations.
In response, the Xenia and Greene County respondents each have filed an answer denying the allegations in the relators' mandamus application. They also have filed motions for summary judgment that include affidavits from the two prosecutors and law enforcement officials. The law enforcement officials aver that they have responded to calls from the relators, filed the proper reports, investigated the relators' allegations, and, when appropriate, referred some allegations for prosecutorial review. In turn, the two prosecutors aver that they have reviewed all referred matters and have declined to prosecute based upon insufficient and unreliable evidence.
After reviewing the relators' application and the respondents' answers and motions, we find summary judgment proper. At the outset, we note that the relators have failed to verify their application by affidavit as required by R.C. 2731.04. Furthermore, the relators have demonstrated neither a clear legal right to the requested relief nor the respondents' duties to perform the requested acts. The record demonstrates that Xenia police and the Greene County sheriff have filed numerous reports in response to calls from the relators. Furthermore, after investigation, some reports were forwarded for possible prosecution. We find nothing in the record suggesting that these respondents have failed to perform their jobs. Likewise, the record demonstrates that the two prosecutors have reviewed and investigated all incidents forwarded to them for possible prosecution.
The decision whether to prosecute is discretionary, and a prosecuting attorney will not be compelled to prosecute unless non-prosecution constitutes an abuse of discretion. State ex rel.Squire v. Taft (1994), 69 Ohio St.3d 365; State ex rel. Master v.Cleveland (1996), 75 Ohio St.3d 23. In the present case, we find no abuse of discretion. The two prosecutors have averred that insufficient evidence exists to warrant prosecution, and the record supports their claim. Even viewing the record in a light most favorable to the relators, nothing suggests that non-prosecution in the present case constitutes an abuse of discretion. We find no genuine issue of material fact. We also find the respondents entitled to judgment as a matter of law. Reasonable minds can reach only one conclusion and that conclusion is adverse to the relators.
Accordingly, we hereby grant the respondents' motions for summary judgment and deny the
relators' application for a writ of mandamus.
 ___________________________________ FREDERICK N. YOUNG, Presiding Judge
 ___________________________________ JAMES A. BROGAN, Judge
 ___________________________________ WILLIAM H. WOLFF, JR., Judge
Copies mailed to:
Danny Slaven
Bonnie Rasnic
 Suzanne M. Schmidt Senior Asst. Prosecuting Atty.
Kimberly H. Mayhew