THE STATE EX REL. SQUIRE *v.* TAFT, SECRETARY OF STATE.

[Cite as *State ex rel. Squire v. Taft* (1994), 69 Ohio St.3d 365.]

(No. 94–674—Submitted and decided April 29, 1994.)

366

*Percy Squire, pro se.*

*Lee Fisher*, Attorney General, *Andrew S. Bergman* and *Andrew I. Sutter*, Assistant Attorneys General, for respondent.

---

*Per Curiam.* For the following reasons, we deny relator's motion for rehearing on the motion to quash, and we deny the writ.

Relator sets forth two propositions of law:

"[1.] Ohio Revised Code Section 3501.05 imposes an affirmative duty upon the Secretary of State to investigate election fraud and report violations of election laws to the attorney general and prosecuting attorney for the county where the fraud occurred or both."

"[2.] A declaration of candidacy and petition shall be determined invalid and rejected upon a finding by the Secretary of State that a candidate has engaged in fraud as to a material matter relating to his declaration of candidacy, notwithstanding that the candidate may have otherwise accumulated the statutory minimum number of signatures."

Regarding the first proposition of law, respondent's duty to "investigate election fraud" stems from R.C. 3501.05(N), which states:

"The secretary of state shall:

" * * *

"(N) Investigate the administration of election laws, frauds, and irregularities in elections in any county, and report violations of election laws to the attorney general or prosecuting attorney, or both, for prosecution[.]"

R.C. 3501.05 also states:

"In the performance of his duties as the chief election officer, the secretary of state *may* administer oaths, issue subpoenas, summon witnesses, compel the production of books, papers, records, and other evidence and fix the time and place for hearing any matters relating to the administration and enforcement of the election laws." (Emphasis added.)

The duty to investigate under R.C. 3501.05(N) is independent of the duty to conduct a protest hearing under R.C. 3513.05, although there seems to be no reason why a protest hearing could not be one method of implementing respondent's independent duty to investigate and his authority to issue subpoenas and other process. In fact, respondent combined the two duties in this case, stating

to relator that " * * * I believe that the decision on whether to issue the subpoenas requested should be reserved until after both parties have had a full opportunity to present arguments on the necessity for such subpoenas. *I will promptly issue subpoenas, if as a result of these arguments a need is demonstrated.* " (Emphasis added.)

As to protests, we have stated that we will not disturb the Secretary of State's or a board of elections' decision to place or remove a candidate or issue on or from the ballot absent "fraud, corruption, abuse of discretion, or a clear disregard of statutes or applicable legal provisions * * *." *State ex rel. Beck v. Casey* (1990), 51 Ohio St.3d 79, 80, 554 N.E.2d 1284, 1285, citing *State ex rel. Senn v. Cuyahoga Cty. Bd. of Elections* (1977), 51 Ohio St.2d 173, 175, 5 O.O.3d 381, 382, 367 N.E.2d 879, 880; *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1, 598 N.E.2d 1149; *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 5, 598 N.E.2d 1152.

We have not addressed the Secretary of State's independent duty to investigate under R.C. 3501.05(N). However, in a somewhat analogous situation, we have stated that a prosecuting attorney will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion. *State ex rel. Murr v. Meyer* (1987), 34 Ohio St.3d 46, 516 N.E.2d 234. Thus, respondent's findings after a protest hearing and his independent duty to investigate under R.C. 3501.05(N) are both subject to mandamus, if there is an abuse of discretion.

Neither party has submitted a transcript of the protest hearing. However, from the complaint and the hearing officer's report, we find that relator presented the following evidence at the protest hearing:

1. The testimony of an investigator that he had interviewed ten or twelve persons, at least some of whom stated that McKelvey did not witness their signatures;

2. The investigator's opinion that McKelvey had not circulated the thirty-seven part-petitions he signed as circulator; and

3. Relator's testimony and affidavit that he had interviewed signers of petitions circulated by two persons other than McKelvey who informed him that those circulators did not personally witness their signatures.

Relator did not support this evidence with direct testimony or affidavit of any signer of the petitions and, according to the hearing officer's report, even refused to disclose the identity of the persons who accused the two circulators other than McKelvey of not having personally witnessed their signatures.

Respondent found the evidence submitted at the hearing insufficient to uphold the protest or to invoke his subpoena power in furtherance of an independent investigation. We find no abuse of discretion in this decision. Respondent has a

duty under R.C. 3501.05(N) to investigate allegations of election fraud, and he did investigate relator's allegations through the protest hearing. His authority to issue subpoenas and other process under R.C. 3501.05 is discretionary, and he did not abuse that discretion by declining to use the authority after determining that relator's evidence lacked sufficient merit. Moreover, we find no fraud, corruption, or disregard of applicable law on which to otherwise reverse respondent's decision on relator's protest.

Additionally, after the hearing, relator sent to respondent further charges that McKelvey had committed election fraud concerning petition 2013. Relator's evidence in this instance was a tape recording, transcribed as Exhibit K filed with the complaint, made by a second investigator for relator, which elicits statements from some signers of the petition that McKelvey was not the circulator of the petition although he signed it as circulator. However, since the tape recording and transcript were not filed with respondent until March 29, 1994, they apparently played no part in respondent's findings concerning the protests.

The record does not demonstrate that respondent has ever responded to this tape recording and transcript concerning petition 2013. However, we find that evidence of the same type as submitted at the hearing. While respondent has the authority to investigate based upon such evidence, we do not hold failure to do so an abuse of discretion.

In his second proposition of law, relator states that fraud committed by a candidate/circulator invalidates the candidacy. Respondent takes the view that such fraud would eliminate only part-petitions on which the circulator's affidavit is fraudulently executed. However, having found that respondent committed no abuse of discretion or disregard of law by rejecting and not following up on relator's proffered evidence, we hold that what the proper sanction should be is moot.

Respondent also argues that the court should invoke the doctrine of laches because relator did not file the statutory protest until twelve days after McKelvey's declaration of candidacy and petition papers were filed and did not file this mandamus action until fourteen days after respondent's decision as to the protest. Respondent claims prejudice because the date to certify the ballot form, apparently March 4, 1994, and the date to provide absent voter ballots, apparently March 29, 1994, have passed. However, we decline to invoke laches, noting that the time required to both conduct the protest hearing and try this case would have exceeded these deadlines under the best of circumstances.

For the reasons stated above, the writ of mandamus is denied.

*Writ denied.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.