PASCHAL ET AL. *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *Paschal v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 141.]

(No. 95–2071—Submitted October 24, 1995—Decided November 9, 1995.)

*Grendell & Marrer Co., L.P.A., Timothy J. Grendell* and *Michael J. Haas,* for relators.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Michael P. Butler,* Assistant Prosecuting Attorney, for respondent Cuyahoga County Board of Elections.

*McNeal, Schick, Archibald & Biro Co., L.P.A.,* and *Thomas P. O'Donnell,* for respondent village of Highland Hills.

---

*Per Curiam.* Relators argue that only the charter governs submission of ordinances proposed by initiative petition in the village under R.C. 731.41.[1] Respondents argue that *both* charter and statutes may apply to initiative procedures where the charter incorporates statutes by reference. *State ex rel Citizens for a Better Beachwood v. Cuyahoga Cty. Bd. of Elections* (1991), 62 Ohio St.3d 167, 580 N.E.2d 1063.[2] Specifically, respondents argue that R.C. 731.28[3] and R.C. 3501.02(F)[4] apply because the "charter is silent on the issue of certification by the Clerk."

Nevertheless, we need not reach these substantive issues. We note that relators delayed nine days before filing their complaint in this case. We have stated that extreme diligence and the promptest of actions are required in election cases. *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 49, 600 N.E.2d 656, 659. We do not find that relators employed the requisite diligence required in this case. Accordingly, the writ is denied.

*Writ denied.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

---

1. R.C. 731.41 states: "Sections 731.28 to 731.41, inclusive, of the Revised Code [initiative and referendum procedures] do not apply to any municipal corporation which adopts its own charter containing an initiative and referendum provision for its own ordinances and other legislative measures."

2. Article I of the charter states in part: "The powers of this Municipality may also be exercised as provided by the general law of Ohio unless the Charter or enactments of Council according to the Charter require otherwise."

3. R.C. 731.28 states in part: "The board [of elections] shall submit such proposed ordinance or measure for the approval or rejection of the electors of the municipal corporation at the next succeeding general election, occurring subsequent to seventy-five days after the auditor or clerk certifies the sufficiency and validity of the initiative petition to the board of elections."

4. R.C. 3501.02(F) states: "Any question or issue, except a candidacy, to be voted upon at an election shall be certified, for placement on the ballot, not less than seventy-five days before the day of the election."