[STATE EX REL.] POLO *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143.]

(No. 95–2061—Submitted October 24, 1995—Decided November 9, 1995.)

144

*Grendell & Marrer Co., L.P.A., Timothy J. Grendell* and *David H. Gunning II,* for relator.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *Patrick J. Murphy* and *Michael P. Butler,* Assistant Prosecuting Attorneys, for respondent.

*Per Curiam.*

## Motion to Intervene

As a preliminary matter, Uffman–Kirsch cites Civ.R. 24 in support of her motion to intervene. See S.Ct.Prac.R. X(2) ("All original actions shall proceed under the Ohio Rules of Civil Procedure, unless clearly inapplicable."). Civ.R. 24 is generally liberally construed in favor of intervention. See, *e.g., State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 247, 594 N.E.2d 616, 619. Nevertheless, Civ.R. 24(C) sets forth the following requirements for a motion to intervene:

"A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. *The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.* The same procedure shall be followed when a statute of this state gives a right to intervene." (Emphasis added.)

Since Uffman–Kirsch's motion is not accompanied by any pleading, her motion is denied. See *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 70, 647 N.E.2d 769, 771.

## Prohibition and Laches

After the time for filing an answer or a motion to dismiss, we must determine whether a peremptory writ, alternative writ, or dismissal is appropriate. S.Ct. Prac.R. X(5). If it appears beyond doubt that Polo can prove no set of facts entitling him to extraordinary relief in prohibition, dismissal is warranted. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799, 802; Civ.R. 12(B)(6).

In order to obtain a writ of prohibition, Polo must establish that (1) the board is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no

other adequate remedy exists in the ordinary course of the law. *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 234–235, 638 N.E.2d 541, 543.

The board asserts that laches bars Polo's action for an extraordinary writ. The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party. *State ex rel. Meyers v. Columbus* (1995), 71 Ohio St.3d 603, 605, 646 N.E.2d 173, 174. Prejudice is not inferred from a mere lapse of time. *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 35, 641 N.E.2d 188, 196.

On September 8, 1995, Uffman–Kirsch filed a petition seeking to be placed on the November 7 ballot as a candidate for mayor of North Royalton. Ten days later, on September 18, Polo filed his protest with the board against Uffman–Kirsch's candidacy. The board denied his protest on September 19. Seventeen days after the board's protest decision, on October 6, Polo filed this prohibition action. On October 13, the board issued absentee ballots for the November 7 North Royalton election.

Extreme diligence and the promptest of action are required in election cases. *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 49, 600 N.E.2d 656, 659. The court has routinely dismissed complaints or otherwise denied extraordinary relief in election cases due to laches. *Id.,* 65 Ohio St.3d at 48, 600 N.E.2d at 659; *State ex rel. Weldon v. Franklin Cty. Bd. of Elections* (1964), 176 Ohio St. 92, 26 O.O.2d 438, 197 N.E.2d 802 (dismissal of prohibition complaints to prevent putting candidates' names in voting machines and counting absentee ballots when complaints were filed thirty-three days after protests were decided); *State ex rel. Peirce v. Stark Cty. Bd. of Elections* (1958), 168 Ohio St. 249, 6 O.O.2d 339, 153 N.E.2d 393 (writ of prohibition to remove nominee from ballot denied because complaint filed after period for replacing nominee for general election); *Pierce v. Brushart* (1950), 153 Ohio St. 372, 378, 41 O.O. 398, 401, 92 N.E.2d 4, 7, construing former G.C. 4785–92 ("[W]here a protest is not filed with the board of elections before the required day prior to the election, it is too late to be effective and the board of elections may disregard it as it did in the instant case.").

The board asserts that Polo was guilty of laches in filing this prohibition action seventeen days after the board denied his protest. Polo seems to assert that any delay was justified because, according to his allegations, a record of the board's protest hearing was not made available to him until October 2. However, Polo's counsel was present at the September 19 hearing. There is no indication that Polo needed to wait for a hearing transcript prior to seeking a writ of prohibition. The delay was also prejudicial because by the time any expedited briefing schedule that we could have ordered would have been completed in this case, the

146

board of elections could not have made changes in the absentee ballots, which had already been mailed. *White, supra,* 65 Ohio St.3d at 49, 600 N.E.2d at 659; but, cf., *State ex rel. Squire v. Taft* (1994), 69 Ohio St.3d 365, 369, 632 N.E.2d 883, 886 (laches inapplicable where relator did not file statutory protest until twelve days after declaration of candidacy and petition were filed and did not file mandamus action until fourteen days after denial of protest because statutory time limits would have been exceeded even under the best of circumstances).

For the foregoing reasons, even assuming, *arguendo,* that Polo's objection to Uffman–Kirsch's residency possesses merit, he is not entitled to extraordinary relief in prohibition because of laches. Accordingly, the writ is denied.

*Writ denied.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.