[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 143.]

THE STATE EX REL. POLO *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 1995-Ohio-269.]

*Elections—Prohibition compelling Cuyahoga County Board of Elections to remove candidate's name, whose home is located in the city of Broadview Heights, from the November 7, 1995 North Royalton mayoral election ballot—Writ granted, when.*

(No. 95-2061—Submitted October 24, 1995—Decided November 9, 1995.)

In PROHIBITION.

————————————

{¶ 1} Lisa Uffman-Kirsch is a candidate for mayor of the city of North Royalton who is listed on the November 7, 1995 election ballot. Although Uffman-Kirsch's home is located in the city of Broadview Heights, her driveway and mailbox are located in North Royalton. Her mailing address is 3060 Wiltshire Road, North Royalton.

{¶ 2} On September 18, 1995, relator, David M. Polo, a resident elector of North Royalton, filed a protest with respondent, Cuyahoga County Board of Elections, challenging the validity of Uffman-Kirsch's mayoral candidacy due to her residential status. On September 19, the board held a hearing on Polo's protest.

{¶ 3} At the hearing, Uffman-Kirsch admitted that her home is located in Broadview Heights, although the only street access to her home is through her driveway entrance in North Royalton. Her police, fire, and garbage services are provided by North Royalton. She has always been registered to vote in North Royalton and has never voted in Broadview Heights. According to the board registration manager, the only way the board classifies voting residence is by street address. In accordance with the board's policy, Uffman-Kirsch's voting residence was listed as North Royalton.

**{¶ 4}** Uffman-Kirsch further admitted that her home had a Broadview Heights building permit and that she had paid Broadview Heights taxes on the property from approximately 1989 or 1990 until 1993. Richard Allar, an engineer for both North Royalton and Broadview Heights, confirmed that Uffman-Kirsch's home is located in Broadview Heights. At the conclusion of the hearing, the board denied Polo's protest.

**{¶ 5}** On October 6, 1995, Polo instituted this expedited election case seeking a writ of prohibition to remove Uffman-Kirsch's name from the November 7, 1995 election ballot for North Royalton. On October 18, 1995, the board filed an answer and a motion for summary judgment. Uffman-Kirsch has filed a motion to intervene.

———————————

*Grendell & Marrer Co., L.P.A., Timothy J. Grendell* and *David H. Gunning II*, for relator.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *Patrick J. Murphy* and *Michael P. Butler*, Assistant Prosecuting Attorneys, for respondent.

———————————

**Per Curiam.**

### Motion to Intervene

**{¶ 6}** As a preliminary matter, Uffman-Kirsch cites Civ.R. 24 in support of her motion to intervene. See S.Ct.Prac.R. X(2) ("All original actions shall proceed under the Ohio Rules of Civil Rules of Procedure, unless clearly inapplicable."). Civ.R. 24 is generally liberally construed in favor of intervention. See, *e.g.*, *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 247, 594 N.E.2d 616, 619. Nevertheless, Civ.R. 24(C) sets forth the following requirements for a motion to intervene:

"A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. *The motion shall state the grounds therefore and*

*shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.* The same procedure shall be followed when a statute of this state gives a right to intervene." (Emphasis added.)

**{¶ 7}** Since Uffman-Kirsch's motion is not accompanied by any pleading, her motion is denied. See *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 70, 647 N.E.2d 769, 771.

### Prohibition and Laches

**{¶ 8}** After the time for filing an answer or a motion to dismiss, we must determine whether a peremptory writ, alternative writ, or dismissal is appropriate. S.Ct.Prac.R. X(5). If it appears beyond doubt that Polo can prove no set of facts entitling him to extraordinary relief in prohibition, dismissal is warranted. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799, 802; Civ.R. 12(B)(6).

**{¶ 9}** In order to obtain a writ of prohibition, Polo must establish that (1) the board is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of the law. *Goldstein v. Christensen* (1994), 70 Ohio St.3d 232, 234-235, 638 N.E.2d 541, 543.

**{¶ 10}** The board asserts that laches bars Polo's action for an extraordinary writ. The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party. *State ex rel. Meyers v. Columbus* (1995), 71 Ohio St.3d 603, 605, 646 N.E.2d 173, 174. Prejudice is not inferred from a mere lapse of time. *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 35, 641 N.E.2d 188, 196.

**{¶ 11}** On September 8, 1995, Uffman-Kirsch filed a petition seeking to be placed on the November 7 ballot as a candidate for mayor of North Royalton. Ten days later, on September 18, Polo filed his protest with the board against Uffman-

Kirsch's candidacy. The board denied his protest on September 19. Seventeen days after the board's protest decision, on October 6, Polo filed this prohibition action. On October 13, the board issued absentee ballots for the November 7 North Royalton election.

{¶ 12} Extreme diligence and the promptest of action are required in election cases. *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 49, 600 N.E.2d 656, 659. The court has routinely dismissed complaints or otherwise denied extraordinary relief in election cases due to laches. *Id.*, 65 Ohio St.3d at 48, 600 N.E.2d at 659; *State ex rel. Weldon v. Franklin Cty. Bd. of Elections* (1964), 176 Ohio St. 92, 26 O.O.2d 438, 197 N.E.2d 802 (dismissal of prohibition complaints to prevent putting candidates' names in voting machines and counting absentee ballots when complaints filed thirty-three days after protests decided); *State ex rel. Peirce v. Stark Cty. Bd. of Elections* (1958), 168 Ohio St. 249, 6 O.O.2d 339, 153 N.E.2d 393 (writ of prohibition to remove nominee from ballot denied because complaint filed after period for replacing nominee for general election); *Pierce v. Brushart* (1950), 153 Ohio St. 372, 378, 41 O.O. 398, 401, 92 N.E.2d 4, 7, construing former G.C. 4785-92 ("[W]here a protest is not filed with the board of elections before the required day prior to the election, it is too late to be effective and the board of elections may disregard it as it did in the instant case.").

{¶ 13} The board asserts that Polo was guilty of laches in filing this prohibition action seventeen days after the board denied his protest. Polo seems to assert that any delay was justified because, according to his allegations, a record of the board's protest hearing was not made available to him until October 2. However, Polo's counsel was present at the September 19 hearing. There is no indication that Polo needed to wait for a hearing transcript prior to seeking a writ of prohibition. The delay was also prejudicial because by the time any expedited briefing schedule that we could have ordered would have been completed in this case, the board of elections could not have made changes in the absentee ballots,

which have already been mailed. *White, supra*, 65 Ohio St.3d at 49, 600 N.E.2d at 659; but, cf., *State ex rel. Squire v. Taft* (1994), 69 Ohio St.3d 365, 369, 632 N.E.2d 883, 886 (laches inapplicable where relator did not file statutory protest until twelve days after declaration of candidacy and petition were filed and did not file mandamus action until fourteen days after denial of protest because statutory time limits would have been exceeded even under the best of circumstances).

{¶ 14} For the foregoing reasons, even assuming, *arguendo*, that Polo's objection to Uffman-Kirsch's residency possesses merit, he is not entitled to extraordinary relief in prohibition because of laches. Accordingly, the writ is denied.

*Writ denied.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

————————————