[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 562.]

THE STATE EX REL. MANOS ET AL., *v*. DELAWARE COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Manos v. Delaware Cty. Bd. of Elections*, 1998-Ohio-712.]

*Elections–Referendum petition filed challenging rezoning–Objections to referendum petition not submitted with required diligence and promptness–Writ of prohibition denied.*

(No. 98-2022—Submitted October 20, 1998—Decided October 21, 1998.)

IN PROHIBITION.

———————————

{¶ 1} Relators, Peter J. Manos, Georgia Manos, Jimmy Hudspeth, and Faye Hudspeth, own a 10.96-acre tract of undeveloped property located in the city of Delaware. In February 1998, relator Peter J. Manos, on behalf of himself and the other relators, applied to have the property rezoned as a planned unit development in accordance with their preliminary development plan. In June 1998, the Delaware City Council enacted Ordinance No. 98-34, which granted the requested rezoning, and Ordinance No. 98-35, which approved relators' preliminary development plan.

{¶ 2} On July 21, the Delaware City Clerk received referendum petitions seeking the submission of Ordinance Nos. 98-34 and 98-35 on the November 3, 1998 Delaware election ballot. On July 28, relators demanded that the city clerk reject the referendum petitions because of the petitions' failure to comply with various Delaware Charter requirements. Notwithstanding relators' objections, the city clerk transmitted the petitions to respondent, Delaware County Board of Elections ("board"), where they were filed on August 6. On August 20, the board received letters from the city clerk in which she certified that the referendum petitions contained sufficient signatures and requested that Ordinance Nos. 98-34 and 98-35 be placed on the November 3 election ballot for their approval or

rejection by city electors. On August 28, the board submitted proposed ballot language for the issues to the Secretary of State.

{¶ 3} On September 3, which was four weeks after the petition was filed with the board, fourteen days after the board received the city clerk's certification of the sufficiency of the signatures on the petitions, and six days after the board submitted the pertinent ballot language, relators submitted a written protest with the board. Relators claimed, among other things, that the city clerk should have rejected the petitions because they failed to comply with the charter, that the city clerk did not comply with the charter requirements relating to certification of petitions, and, in the alternative, that the petitions did not comply with applicable state law, assuming that state law governed the petitions. On September 28, 1998, after the board held a hearing on relators' protest, the board denied the protest.

{¶ 4} On October 1, relators filed this action for a writ of prohibition to prevent the board of elections from placing the issues presented by the referendum petitions on the November 3 election ballot. Pursuant to the expedited schedule set forth in S.Ct.Prac.R. X(9), the board filed a motion to dismiss and relators filed evidence and a merit brief. The board, however, did not file a merit brief, which was due on October 15.

{¶ 5} This cause is now before the court for a decision on the merits.

―――――――――――

*Manos, Martin, Pergram & Browning*, *Stephen D. Martin* and *James M. Dietz*, for relators.

*W. Duncan Whitney*, Delaware County Prosecuting Attorney, and *Gregory D. Brunton*, Assistant Prosecuting Attorney, for respondent.

―――――――――――

***Per Curiam.***

**{¶ 6}** Relators assert that they are entitled to a writ of prohibition to prevent the November 3 referendum election on Ordinance Nos. 98-34 and 98-35. Their contention, however, lacks merit because relators' claim is barred by laches.

**{¶ 7}** "Extreme diligence and promptness are required in election-related matters." *In re Contested Election of November 2, 1993* (1995), 72 Ohio St.3d 411, 413, 650 N.E.2d 859, 862. Relators did not submit their objections to the referendum petition with the required diligence and promptness here. They waited twenty-eight days after the petitions were transmitted by the city clerk and filed with the board to file their written protest with the board, although they knew the basis of most of their objections to the petitions even before they were filed with the board on August 6. In fact, relators advised the city clerk of some of these objections in July. By the time that relators did file their written protest with the board, the board had already submitted proposed ballot language to the Secretary of State.

**{¶ 8}** Relators do not suggest any excuse for not submitting their protest to the board at an earlier date. Any subsequent delay by the board does not excuse relators' delay in the protest submission and election process. *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections* (1997), 80 Ohio St.3d 182, 187, 685 N.E.2d 507, 511.

**{¶ 9}** In fact, instead of immediately filing a protest with the board of elections following the transmittal of the referendum petitions to the board on August 6, relators first filed an expedited election case in this court seeking a writ of mandamus to compel the city clerk to reject the signatures on the referendum petitions. See *State ex rel. Manos v. Speese* (1998), 83 Ohio St.3d 1423, 699 N.E.2d 96. By doing so, relators ignored the fact that they had an adequate legal remedy in the form of a written protest to the board, which has authority under R.C. 3501.11(K) and 3501.39 to determine the sufficiency and validity of municipal

initiative and referendum petitions. See *State ex rel. Shumate v. Portage Cty. Bd. of Elections* (1992), 64 Ohio St.3d 12, 14-15, 591 N.E.2d 1194, 1196-1197; see, also, *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 231, 685 N.E.2d 754, 760. Ultimately, after relators apparently realized that they had failed to comply with the schedule for evidence and briefing set forth in S.Ct.Prac.R. X(9), they attempted to voluntarily dismiss their mandamus case on August 31 and thereafter filed the protest they could have filed four weeks earlier.

{¶ 10} Relators' delay was prejudicial because by the time they had submitted their protest, the date for certifying the ballot form was only a day away, and at the time they filed this action for extraordinary relief, the date for the board to print and make absentee ballots ready for use by electors had passed. *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 308-309, 686 N.E.2d 238, 243-244; R.C. 3505.01; R.C. 3509.01.

{¶ 11} Based on the foregoing, we deny the writ. While the board does not raise the issue of laches, relators have the burden of establishing that they acted with the requisite diligence in extraordinary writ cases involving elections. Cf. *State ex rel. Spencer v. E. Liverpool Planning Comm.* (1997), 80 Ohio St.3d 297, 299, 685 N.E.2d 1251, 1253, where we emphasized that "*[i]n nonelection cases*, laches is an affirmative defense which must be raised or else it is waived." (Emphasis added.) As in an analogous election case that we recently decided, relators failed to meet that burden here. See *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 700 N.E.2d 1234.

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents.

PFEIFER, J., dissents separately.

————————

**PFEIFER, J., dissenting.**

{¶ 12} As I recently stated in my concurrence in *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 495, 700 N.E.2d 1234, 1237, this court should adopt a less rigid standard regarding the application of laches in election cases where the relator is seeking to have an issue removed from the ballot. I would decide this case on its merits.

————————