THE STATE EX REL. VALORE *v.* SUMMIT COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Valore v. Summit Cty. Bd. of Elections* (1999), 87 Ohio St.3d 144.]

(No. 99–1722—Submitted October 7, 1999—Decided October 8, 1999—Opinion announced October 15, 1999.)

*Law Office of Georg Abakumov* and *Peter F. Shenyey*, for relator.

*Michael T. Callahan*, Summit County Prosecuting Attorney, and *William E. Schultz*, Assistant Prosecuting Attorney, for respondents.

*Per Curiam.* Valore asserts that he is entitled to a writ of mandamus to compel the board to certify his name on the November 2 election ballot. In extraordinary actions challenging the decision of a board of elections, the applicable standard is whether the board engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or pertinent law. *State ex rel. Lynch v. Cuyahoga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 341, 342, 686 N.E.2d 498, 499. Valore claims that the board abused its discretion and acted in clear

disregard of Section 4.02(B) of the Twinsburg Charter by ruling that he did not meet the charter's two-year residency requirement.

We need not address the merits of Valore's claim because it is barred by laches. "'Extreme diligence and promptness are required in election-related matters.'" *State ex rel. Manos v. Delaware Cty. Bd. of Elections* (1998), 83 Ohio St.3d 562, 563, 701 N.E.2d 371, 372, quoting *In re Contested Election of November 2, 1993* (1995), 72 Ohio St.3d 411, 413, 650 N.E.2d 859, 862. Valore delayed approximately sixteen days from the board's decision not to certify his candidacy on the November 2 election ballot until he filed this mandamus action on September 17. There is no excuse or justification for this delay. The delay was also prejudicial because by the time the expedited briefing schedule set forth in S.Ct.Prac.R. X(9) had been completed in this case, the board of elections could not have made changes in the absentee ballots, which had to be printed and ready for use by September 28, the thirty-fifth day before the election. R.C. 3509.01. *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 493–494, 700 N.E.2d 1234, 1237; *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 48–49, 600 N.E.2d 656, 659.

Based on the foregoing, even assuming, *arguendo*, that Valore's contention has merit, he is not entitled to extraordinary relief in mandamus because of laches. See *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 145–146, 656 N.E.2d 1277, 1279, and *Paschal v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 141, 142, 656 N.E.2d 1276, 1277, where we unanimously held that delays of seventeen and nine days, respectively, in filing expedited election cases following adverse board of elections decisions constituted laches precluding a consideration of the merits of the claims. Accordingly, we deny the writ based on laches.

*Writ denied.*

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

RESNICK, J., concurs in judgment.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.** I dissent from the majority's holding that laches applies in this case. The majority, in support of its holding, cites *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 656 N.E.2d 1277, and *Paschal v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 141, 656 N.E.2d 1276, where delays of seventeen and nine days, respectively, in filing

expedited election cases were found by this court to constitute laches. However, those cases were filed on October 6 and October 11, respectively. This case was filed on September 17, 1999. This case lacks the immediacy to election day that was apparent in the above-cited cases.

I would thus consider the case on its merits and grant the petitioner's writ. I would find that the two affidavits claiming that Gregory Valore lived in Twinsburg during the month in question were sufficient evidence to establish residency, especially since there was no contrary evidence presented.