[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 465.]

THE STATE EX REL. HILLS COMMUNITIES, INC., APPELLANT, *v.* CLERMONT COUNTY BOARD OF ELECTIONS, APPELLEE.

[Cite as *State ex rel. Hills Communities, Inc. v. Clermont Cty. Bd. of Elections*, 2001-Ohio-101.]

*Zoning—Writ of prohibition sought to prevent board of elections from submitting zoning amendment to township electors at November 7, 2000 election–Writ denied by court of appeals on October 18—Zoning amendment rejected by voters at November 7 election—Court of appeals' denial of writ not appealed until fifty-seven days after judgment—Appeal dismissed due to laches and mootness.*

(No. 00-2172—Submitted April 25, 2001—Decided May 23, 2001.)

APPEAL from the Court of Appeals for Clermont County, No. 2000CA-09-072.

————————————

*Per Curiam.*

{¶ 1} Appellant, Hills Communities, Inc. ("Hills"), is the prospective developer of 26.48 acres of land in Pierce Township, Clermont County, Ohio. Hills, which had entered into an agreement to purchase the property, applied to amend the zoning for the property from RA (Residence A) to PUD-R (Planned Unit Development—Residential) in order to proceed with its development. On June 20, 2000, the Pierce Township Board of Trustees adopted Resolution No. 00-006, approving Hills's application for change of zoning and also approving its preliminary development plan for the property subject to certain conditions.

{¶ 2} In July 2000, a petition was submitted to the Clerk of Pierce Township in which the petitioners demanded that Resolution No. 00-006 be submitted to the township electors for their approval or rejection at the November 7, 2000 general election. In August 2000, Hills filed a written protest with appellee, Clermont

County Board of Elections, requesting that the board invalidate the referendum petition and not submit the zoning change to the township voters. Hills claimed that the petition failed to meet the requirements of R.C. 519.12(H) because it did not contain a full and correct title of the zoning amendment resolution and because the brief summary of the resolution in the petition was inaccurate, ambiguous, and misleading, and contained material omissions.

{¶ 3} After a hearing on the protest was held on September 6, the board denied Hills's protest, certified the sufficiency and validity of the referendum petition, and ordered that the zoning amendment be placed on the ballot for the November 7, 2000 election.

{¶ 4} On September 14, 2000, Hills filed a complaint in the Court of Appeals for Clermont County for a writ of prohibition to prevent the board of elections from submitting the zoning amendment to the township electors at the November 7 election. After the board filed an answer and the parties filed briefs, the court of appeals denied the writ on October 18. At the November 7 election, the voters rejected the zoning amendment.

{¶ 5} On December 4, *i.e.*, forty-seven days after the court of appeals' judgment and twenty-seven days after the November 7 election, Hills appealed the court of appeals' judgment.

{¶ 6} This cause is now before the court upon an appeal as of right.

{¶ 7} The board contends that laches and mootness require that the judgment of the court of appeals remain undisturbed. For the following reasons, we agree and dismiss the appeal.

{¶ 8} Hills did not act with the diligence and promptness required in this election case. "It is well established that in election-related matters, extreme diligence and promptness are required." *State ex rel. Commt. for the Referendum of Ordinance No. 3543-00 v. White* (2000), 90 Ohio St.3d 212, 214, 736 N.E.2d 873, 875. If a party seeking extraordinary relief in an election-related matter fails

to exercise the requisite diligence, laches may bar the action. *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 493, 700 N.E.2d 1234, 1236.

{¶ 9} Even though Hills expressly requested an "expedited consideration" of its protest before the board of elections, Hills delayed forty-seven days from the court of appeals' judgment—which is after the November 7 election—to file its notice of appeal, and it delayed another forty-six days after the record was transmitted to file its merit brief. Hills also does not request expedited treatment of this appeal. By contrast, appellants in comparable cases have acted to ensure an expedited determination of their appeals. Cf. *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 685 N.E.2d 754 (appellants in election case filed motions for expedited briefing schedule and review of appeal, filed their merit brief within seven days of their notice of appeal, and filed their reply brief within five days of appellee's merit brief, permitting the court to enter judgment in election-related appeal before November 1997 general election); *State ex rel. Arnett v. Winemiller* (1997), 80 Ohio St.3d 255, 685 N.E.2d 1219 (appellants in election case filed motions to expedite appeal and filed briefs in time for court to enter judgment before November 1997 general election). Hills does not offer any argument justifying the lack of diligence, and its appellate brief consists of the same arguments raised in its August 2000 protest.

{¶ 10} Moreover, despite Hills's claims to the contrary, the board was not precluded from raising the laches issue in this appeal by not raising it in the court of appeals. In election cases, laches is not an affirmative defense that must be raised in order to avoid waiver. See *State ex rel. Manos v. Delaware Cty. Bd. of Elections* (1998), 83 Ohio St.3d 562, 564, 701 N.E.2d 371, 373. In fact, the board could not raise the issue of Hills's laches in prosecuting this appeal until Hills appealed.

{¶ 11} Furthermore, in addition to laches, because Hills requested that the zoning amendment resolution not be submitted to township electors at the

November 7 election, and that election has now passed, this appeal is moot. As we have repeatedly held, "prohibition may issue to prevent the placement of names or issues on a ballot even though a protest hearing has been completed, *as long as the election has not yet been held*." (Emphasis added.) *State ex rel. Crossman Communities of Ohio, Inc. v. Greene Cty. Bd. of Elections* (1999), 87 Ohio St.3d 132, 136, 717 N.E.2d 1091, 1095; *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 37, 671 N.E.2d 1, 3; *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 291, 649 N.E.2d 1205, 1207.

{¶ 12} When the election has passed, as it has here, the action for extraordinary relief or an appeal from a judgment in the extraordinary-writ action is moot. See *State ex rel. Bona v. Orange* (1999), 85 Ohio St.3d 18, 21, 706 N.E.2d 771, 773-774, and cases cited therein; see, also, *State ex rel. Pendell v. Adams Cty. Bd. of Elections* (1988), 40 Ohio St.3d 58, 61, 531 N.E.2d 713, 715, fn. 1. Hills's attempts to distinguish these cases on the basis that they are either not prohibition cases or are not appeals of cases originating in courts of appeals are not persuasive. Cf., *e.g., State ex rel. Snyder v. Lucas Cty. Bd. of Elections* (1946), 146 Ohio St. 556, 33 O.O. 43, 67 N.E.2d 322 (appeal from denial or writ of prohibition to prevent referendum election became moot when special election was held). Resolving the merits of this appeal even though the election has now passed would circumvent the precept that "an election result will not be disturbed unless the evidence establishes that the result was contrary to the will of the electorate." *In re Election Contest of Democratic Primary Election Held May 4, 1999 for Clerk, Youngstown Mun. Court* (2000), 88 Ohio St.3d 258, 262, 725 N.E.2d 271, 275.

{¶ 13} This is also not a case that is capable of repetition yet evading review. If Hills had pursued its appeal with the requisite diligence, the merits of this appeal would not necessarily have evaded review. *Bona*, 85 Ohio St.3d at 21-22, 706 N.E.2d at 774.

**{¶ 14}** Based on the foregoing, we dismiss this appeal due to laches and mootness.

*Appeal dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents.

—————————

*Manley, Burke & Lipton, Gary E. Powell* and *Rhonda S. Frey*, for appellant.

*Donald W. White*, Clermont County Prosecuting Attorney, and *Mary Lynn Birck*, Assistant Prosecuting Attorney, for appellee.

—————————