[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 522.]

THE STATE EX REL. CARBERRY ET AL. *v.* CITY OF ASHTABULA.

[Cite as *State ex rel. Carberry v. Ashtabula*, 2001-Ohio-1625.]

*Elections—Mandamus—Writ sought to compel city council to submit proposed charter amendments to electorate—Relators failed to act with diligence— Laches–Writ denied.*

(No. 01-1696—Submitted  October 10, 2001—Decided October 16, 2001.)

IN MANDAMUS.

_____

*Per Curiam.*

{¶ 1} Relators, Dennis J. Carberry III, Anthony J. Cantagallo, Kenneth H. Misener, Jill P. Carberry, and Karen L. Flack, are residents, taxpayers, and registered voters of respondent, city of Ashtabula, Ohio, who formed a committee to circulate a petition to amend the Ashtabula Charter.  On August 6, 2001, relators filed the petition with the Ashtabula Clerk of Council.  The petition requested that the legislative authority of Ashtabula, *i.e.*, the Ashtabula City Council, submit the proposed charter amendments to the electorate.   The amendments involve a comprehensive revision of the charter, including a council/manager form of municipal government.

{¶ 2} On August 9, 2001, the clerk of council certified the sufficiency and the validity of the petition, finding that 1,161 signatures were valid.

{¶ 3} On August 20, 2001, however, Ashtabula City Solicitor Thomas J. Simon issued a lengthy opinion to the city council and the city manager in which he intimated that the petition was invalid because (1) it lacked a full and correct copy of the title and text of the charter amendments, (2) the charter amendments were neither drafted by the city solicitor nor approved by him before the petition was circulated, (3) the petition contained more than one subject matter, (4) the

charter amendments in the petition did not contain the language of the existing charter sections that would be amended if the matter were approved by the electorate, and (5) the language of one of the charter amendments was factually incorrect because it noted that it was repealing a nonexistent section of the charter.

{¶ 4} By letter dated August 24, 2001, relators, through their counsel, issued a detailed, point-by-point rebuttal of the city solicitor's opinion, in which they asserted that under the Ohio Constitution and the Ashtabula Charter, the proposed charter amendments should be submitted to the electorate at the November 6, 2001 general election.

{¶ 5} On September 4, 2001, the Ashtabula City Council denied relators' request to have the proposed charter amendments placed on the November 6, 2001 general election ballot. The city council determined that the petition was wholly inadequate, incorrect, and invalid, that the petition had not been drafted, prepared, or circulated in compliance with the Revised Code and the charter, and that the petition form was confusing and misleading to the average citizen.

{¶ 6} On September 20, 2001, sixteen days after the city council's decision, relators filed this expedited election action for a writ of mandamus to compel the city council to submit the proposed charter amendments to the electorate on the November 6, 2001 general election ballot and requested that the court dispense with or shorten the notice period set forth in Sections 8 and 9, Article XVIII of the Ohio Constitution. The city filed an answer and a motion for judgment on the pleadings, and relators filed a motion for leave to file an amended complaint. After relators filed evidence and a merit brief, respondents failed to file a merit brief, which was due on October 9 pursuant to the expedited schedule set forth in S.Ct.Prac.R. X(9). This cause is now before us for our consideration.

{¶ 7} We have consistently required relators in election cases to act with the utmost diligence. Relators here did not act with the diligence required in election matters. "It is well established that in election-related matters, extreme diligence

2

and promptness are required." *State ex rel. Commt. for the Referendum of Ordinance No. 3543-00 v. White* (2000), 90 Ohio St.3d 212, 214, 736 N.E.2d 873, 875. "If a party seeking extraordinary relief in an election-related matter fails to exercise the requisite diligence, laches may bar the action." *State ex rel. Hills Communities, Inc. v. Clermont Cty. Bd. of Elections* (2001), 91 Ohio St.3d 465, 467, 746 N.E.2d 1115, 1117. Although the city does not raise the issue of laches, "relators have the burden of establishing that they acted with the requisite diligence in extraordinary writ cases involving elections." *State ex rel. Manos v. Delaware Cty. Bd. of Elections* (1998), 83 Ohio St.3d 562, 564, 701 N.E.2d 371, 373; *Hills Communities*, 91 Ohio St.3d at 467, 746 N.E.2d at 1118 ("In election cases, laches is not an affirmative defense that must be raised in order to avoid waiver").

{¶ 8} Relators did not satisfy their burden here. Relators waited sixteen days after the city council's September 4, 2001 decision to file this action. *State ex rel. Demaline v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 523, 526-527, 740 N.E.2d 242, 245, quoting *State ex rel. Landis v. Morrow Cty. Bd. of Elections* (2000), 88 Ohio St.3d 187, 189, 724 N.E.2d 775, 777 (" '[W]e have held that a delay as brief as nine days can preclude our consideration of the merits of an expedited election case' ").

{¶ 9} The facts in this case are virtually indistinguishable from those in *State ex rel. Valore v. Summit Cty. Bd. of Elections* (1999), 87 Ohio St.3d 144, 718 N.E.2d 415, where we denied a writ of mandamus to compel a board of elections to certify a person's candidacy on an election ballot because his claim was barred by laches. In *Valore*, the relator "delayed approximately sixteen days from the board's [September 1] decision not to certify his candidacy in the November 2 election ballot until he filed this mandamus action on September 17." *Id.* at 146, 718 N.E.2d at 416. Here, relators delayed sixteen days from the city council's September 4 decision until they filed this mandamus action on September 20.

**{¶ 10}** In addition, there is no evidence of any excuse or justification for this delay. In fact, relators alleged in their complaint that they did not request in writing that the Ashtabula City Solicitor bring this mandamus action under R.C. 733.59 because the request would have been futile, so no delay can be attributed to any such request. Moreover, in their August 24 response to the city solicitor's August 20 opinion, relators detailed the potential problems with the city solicitor's opinion and established that they had a sufficient grasp of the pertinent legal issues to obviate extensive research time before filing a mandamus action.

**{¶ 11}** Our consistent requirement that expedited election cases be filed with the required promptness is not simply a technical nicety. Here, the statutory deadline to have absentee ballots printed and ready for use was October 2 (the thirty-fifth day before the November 6 general election). R.C. 3509.01. That date passed before any merit brief was filed in this case. If relators had acted more promptly, this might have been avoided. *Valore*, 87 Ohio St.3d at 146, 718 N.E.2d at 416-417; *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 493-494, 700 N.E.2d 1234, 1237. Consequently, this is not a case in which prejudice to the city in its statutory obligation to the absentee voters of Ashtabula would have occurred "even 'under the best of circumstances.' " *Id.* at 494, 700 N.E.2d at 1237, quoting *State ex rel. Squire v. Taft* (1994), 69 Ohio St.3d 365, 369, 632 N.E.2d 883, 886.

**{¶ 12}** In their complaint, relators demand that in addition to the requested extraordinary relief in mandamus, the court "dispense with or shorten the notice period set forth in Sections 8 and 9, Article XVIII of the Ohio Constitution." Although we have previously granted this relief where the delay was caused by a city council's failure to examine petition signatures and render a prompt determination on their sufficiency when the council had ample time to do so, see *Morris v. Macedonia City Council* (1994), 71 Ohio St.3d 52, 58, 641 N.E.2d 1075,

1080, some of the delay was occasioned here by relators in filing this action for extraordinary relief.

{¶ 13} Based on the foregoing, even assuming, *arguendo*, that relators' claim has merit, relators are not entitled to the requested extraordinary relief in mandamus because of laches. By so holding, we need not consider the merits of relators' remaining claims or the parties' various motions. " 'It is well settled that we will not indulge in advisory opinions.' " *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 242, 736 N.E.2d 893, 897, quoting *In re Contested Election on November 7, 1995* (1996), 76 Ohio St.3d 234, 236, 667 N.E.2d 362, 363. Accordingly, we deny the writ of mandamus.

*Writ denied.*

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., concur in judgment only.

DOUGLAS, J., dissents.

PFEIFER, J., dissents.

————————————

**PFEIFER, J., dissenting.**

{¶ 14} I would not decide this case based on laches. See *State ex rel. Valore v. Summit Cty. Bd. of Elections* (1999), 87 Ohio St.3d 144, 146-147, 718 N.E.2d 415, 417 (Pfeifer, J., dissenting). I would have found for the relators on the merits. I dissent.

————————————

*Isaac, Brant, Ledman & Teetor, L.L.P., Mark R. Weaver, Mark Landes, Patrick M. Pickett* and *Jeffrey A. Stankunas*, for relators.

*Thomas J. Simon*, Ashtabula City Solicitor, for respondent.

————————————