The State ex rel. Fishman *v.* Lucas County Board of Elections et al.

[Cite as *State ex rel. Fishman v. Lucas Cty. Bd. of Elections,*
116 Ohio St.3d 19, 2007-Ohio-5583.]

(No. 2007–1753—Submitted October 15, 2007—Decided October 22, 2007.)

Per Curiam.

{¶ 1} This is an expedited election action for a writ of prohibition to prevent the Lucas County Board of Elections from placing Larry A. Kaczala on the ballot for Toledo Municipal Court judge at the November 6, 2007 general election. Because relator failed to exercise the requisite diligence to challenge Kaczala's candidacy and the board's denial of his protest to Kaczala's candidacy, we deny the writ based on laches.

{¶ 2} Respondent Larry A. Kaczala circulated a nominating petition to be a candidate for Toledo Municipal Court judge for the full term commencing January 1, 2008. On July 11, 2007, Kaczala filed the petition with respondent Lucas County Board of Elections. The petition comprised five part-petitions. Three of the five part-petitions correctly noted Kaczala's desire to be a candidate for judge of the Toledo Municipal Court for the full term commencing January 1, 2008, at "the general election to be held on the 6th day of November, 2007." The remaining part-petitions, however, specified incorrect election dates, one for "the general election to be held on the 6th day of July, 2007" and the other for "the general election to be held on the 6th day of November, 2008." On July 17, the board certified Kaczala's nominating petition.

{¶ 3} Relator, Arthur Fishman, is a registered elector in Toledo. On July 27, Fishman filed a written protest challenging the board's certification of Kaczala's candidacy. Fishman claimed that the two part-petitions specifying incorrect election dates were invalid and that the remaining part-petitions did not include sufficient valid signatures to warrant the placement of Kaczala's name on the November 6, 2007 election ballot.

{¶ 4} On August 14, the board of elections conducted a hearing on Fishman's protest. At the conclusion of the hearing, the board voted unanimously to deny the protest. The board's counsel informed Fishman and his attorney that the decision was a final order for the purpose of instituting a legal challenge.

{¶ 5} Thirty-eight days later, on September 21, Fishman filed this expedited election action for a writ of prohibition to prevent the board of elections from placing Kaczala's name on the November 6, 2007 general election ballot. Fishman also named Kaczala as a respondent. Respondents filed answers, and the parties submitted evidence and briefs. Fishman's reply brief was due on Friday, October 12, 2007, but none was filed.

## Laches

{¶ 6} Respondents assert that Fishman's prohibition claim is barred by laches. "We have consistently required relators in election cases to act with the utmost diligence." *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 19. "If relators do not act with the required promptness, laches may bar the action for extraordinary relief in an election-related matter." *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 12. "The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 145, 656 N.E.2d 1277.

{¶ 7} Fishman failed to act with the requisite diligence in asserting his claim. Instead, he delayed *16 days* after Kaczala's petition was filed with the board to file his protest and *38 days* after the board denied his protest to file this expedited election case for extraordinary relief in prohibition. "[W]e have held that a delay as brief as *nine days* can preclude our consideration of the merits of an expedited election case." (Emphasis sic.) *State ex rel. Landis v. Morrow Cty. Bd. of Elections* (2000), 88 Ohio St.3d 187, 189, 724 N.E.2d 775. Fishman has no legitimate excuse for the delay, and he knew of the board's adverse decision on the same day it was rendered.

{¶ 8} In addition, this delay resulted in prejudice. "Our consistent requirement that expedited election cases be filed with the required promptness is not simply a technical nicety." *State ex rel. Carberry v. Ashtabula* (2001), 93 Ohio St.3d 522, 524, 757 N.E.2d 307. Expedited election cases "implicate the rights of electors underlying the statutory time limits of R.C. 3505.01 and 3509.01." *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 494, 700 N.E.2d 1234. The statutory deadline for having absentee ballots printed and ready for use was October 2, and that date passed before briefing had started in this expedited election case. R.C. 3509.01 (absentee ballots "shall be printed and ready for use on the thirty-fifth day before the day of the election"). "If relator[ ] had acted more promptly, this might have been avoided and any potential prejudice to the county in its statutory obligation to absentee voters would have been minimized." *State ex rel. Vickers v. Summit Cty. Council*, 97

Ohio St.3d 204, 2002-Ohio-5583, 777 N.E.2d 830, ¶ 18; *Blankenship*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 26. This is not a case in which the R.C. 3509.01 deadline would have passed even " 'under the best of circumstances.' " *Ascani*, 83 Ohio St.3d at 494, 700 N.E.2d 1234, quoting *State ex rel. Squire v. Taft* (1994), 69 Ohio St.3d 365, 369, 632 N.E.2d 883.

{¶ 9} This case is comparable to other expedited election cases in which we have held that laches barred claims for a writ of prohibition to prevent an election from occurring. See, e.g., *State ex rel. Manos v. Delaware Cty. Bd. of Elections* (1998), 83 Ohio St.3d 562, 701 N.E.2d 371 (relators waited 28 days after a referendum petition was filed with the board of elections before filing their written protest, and by the time they filed their prohibition action, the deadline to print and make absentee ballots ready for use had already passed); *State ex rel. Newell v. Tuscarawas Cty. Bd. of Elections* (2001), 93 Ohio St.3d 592, 757 N.E.2d 1135 (relator waited 20 days after a petition was filed to file a protest and another 14 days after the protest was denied to file an action for extraordinary relief, which was after the absentee-ballot deadline had passed); cf. *Vickers*, 97 Ohio St.3d 204, 2002-Ohio-5583, 777 N.E.2d 830, ¶ 17–18 (19–day delay to file expedited election action in mandamus resulting in passage of statutory absentee-ballot deadline before respondents filed their answer constituted laches, which barred relators' claim). Here, Fishman waited 16 days after the petition was filed with the board of elections to submit his protest and another 38 days after the board denied his protest to file this action for extraordinary relief in prohibition, which resulted in this case not being briefed before the expiration of the R.C. 3509.01 deadline for the board to have the absentee ballots for the November 6 election printed and ready for use.

{¶ 10} Finally, although respondents raised laches in their answers as well as their merit briefs, relator failed to respond to these arguments. In fact, even if respondents had failed to raise this issue, in extraordinary-writ cases involving an election, relators have the burden of establishing that they acted with the requisite diligence. See, e.g., *Manos*, 83 Ohio St.3d at 564, 701 N.E.2d 371; cf. *State ex rel. Ohio Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, 786 N.E.2d 49, ¶ 15 (in nonelection cases, laches is an affirmative defense that is waived if it is not raised). Fishman did not meet that burden here.

{¶ 11} Based on the foregoing, Fishman failed to exercise the diligence required of relators in expedited election cases, and we deny the writ based on laches. By so holding, we need not address Fishman's contention that the board abused its discretion and clearly disregarded applicable law by denying his protest. *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections*, 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 35.

Writ denied.

Moyer, C.J., and Lundberg Stratton, O'Connor, O'Donnell, Lanzinger, and Cupp, JJ., concur.

Pfeifer, J., dissents and would grant an alternative writ.

---

Terry J. Lodge, for relator.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for respondent Lucas County Board of Elections.

Larry A. Kaczala, pro se.