This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Frank Novak Sons, Inc. ("Novak") appeals a judgment of the Lorain County Court of Common Pleas denying Novak's motion for a temporary restraining order and request for a preliminary injunction.
As part of a renovation project ("the project"), Appellees Avon Lake Board of Education and Avon Lake City School District ("Avon Lake Schools") solicited bids for the construction and installation of gymnasium flooring at Avon Lake High School. Both Novak and Appellee Cincinnati Floor Company ("Cincinnati Floor") submitted bids for the project. Avon Lake Schools awarded the contract to Cincinnati Floor.
Novak then filed a complaint in the Lorain County Court of Common Pleas seeking a declaratory judgment and preliminary and permanent injunctive relief to enjoin Avon Lake Schools from entering into a contract with Cincinnati Floor. Simultaneously, Novak filed a motion for a temporary restraining order requesting an order restraining Avon Lake Schools from accepting Cincinnati Floor's bid, from entering into a contract with Cincinnati Floor, and from allowing Cincinnati Floor to perform any work on the project. The trial court denied Novak's motion for a temporary restraining order and request for a preliminary injunction.
Novak timely appealed, and has asserted one assignment of error for review.
Before this Court can reach the merits of the case, we must consider Avon Lake Schools and Cincinnati Floor's argument that this appeal is moot.
The Supreme Court of Ohio has addressed the issue of when a matter becomes moot:
 The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.
Miner v. Witt (1910), 82 Ohio St. 237, 238, quoting Mills v. Green
(1895), 159 U.S. 651, 653.
In the case sub judice, Novak sought to prevent Avon Lake Schools from entering into a contract with Cincinnati Floor. The trial court denied Novak's motion for such relief. Novak did not seek a stay of execution of the ruling of the trial court. Avon Lake Schools awarded the contract to Cincinnati Floor after the trial court issued its ruling.
This Court addressed a similar set of facts in State ex rel. WengerCorp. v. The Univ. of Akron (July 8, 1976), Summit App. No. 8078, unreported. In Wenger, an unsuccessful bidder's attempt to obtain a stay of execution of the ruling of the trial court was denied. While awaiting appeal, the contract was awarded to another bidder. This Court held inWenger that where an unsuccessful bidder was unable to obtain a stay of execution of the trial court's judgment and the contract is awarded to another bidder during pendency of the appeal, the unsuccessful bidder's appeal is rendered moot. Wenger, supra. In this case, Novak did not attempt to obtain a stay of execution of the ruling of the trial court. Here, as in Wenger, the contract was awarded to another bidder during pendency of the appeal. This Court finds that Novak's appeal was rendered moot by Avon Lake School's awarding the contract to Cincinnati Floor.
Novak has argued that the issue raised by its appeal is significant and subject to repetition. An appellate court may consider an otherwise moot appeal where it finds that "the merit issues raised are capable of repetition yet evading review." State ex rel. Bona v. Village of Orange
(1999), 85 Ohio St.3d 18, 21. However, the Supreme Court of Ohio has declined to apply this exception to the mootness rule where "the merits of [the] appeal would not have necessarily evaded review," had the appellant acted with "diligence." Id at 22. In this case, Novak could have sought a stay of the trial court's ruling in accordance with App.R. 7, but declined to do so. Furthermore, this Court does not agree that the issue raised by Novak is subject to repetition. Construction bids are based on unique facts that are not likely to be repeated.
Because the issues raised in this appeal are moot, the appeal is dismissed.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.