OPINION
{¶ 1} Non-party-appellant Avanti Corporation appeals the May 13, 2005 Judgment Entry of the Stark County Court of Common Pleas denying its motion to intervene in the special proceeding to dissolve defendant-appellee Morelli Realty Corporation.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This matter arises out of a special proceeding to dissolve a corporation commenced under Ohio Revised Code Section1701.89.
 {¶ 3} On January 21, 2005, appellant filed a motion for leave to intervene to assert a claim against the receivership. Specifically, appellant sought leave to intervene to assert a claim for fees for services rendered for the benefit of Morelli Realty Corp. prior to January, 1997.
 {¶ 4} On May 13, 2005, the trial court, via Judgment Entry, denied appellant's motion holding:
 {¶ 5} ". . . Avanti has not attached a `pleading, as defined in Civ. R. 7(A), setting forth the claim or defense for which intervention is sought.' As such, for this reason and for the reasons set forth in the receiver's response and surreply, the Court finds Avanti's motion to intervene not well-taken . . ."
 {¶ 6} Appellant now appeals the May 13, 2005 Judgment Entry, assigning as error:
 {¶ 7} "I. THE TRIAL COURT IMPROPERLY DENIED APPELLANT'S MOTION TO INTERVENE WHEREIN APPELLANT SOUGHT TO ASSERT A CLAIM IN A PROCEEDING TO DISSOLVE A CORPORATION WHEN NO CLAIMS PROCEDURES HAD BEEN ESTABLISHED BY THE RECEIVER."
 {¶ 8} Initially we note, the trial court based its decisions on alternate theories. First, the trial court found appellant failed to comply with the requirements of Ohio Civil Rule 24; therefore, the motion to intervene should be denied. Alternatively, the trial court accepted the argument appellant's claim was barred by the applicable statute of limitations. On appeal, we review both conclusions, and finding either proper, affirm the holding of the trial court.
 {¶ 9} Ohio Civil Rule 24(C) sets forth the procedure for intervention as follows:
{¶ 10} "Civ R 24 Intervention
 {¶ 11} "(A) Intervention of right
 {¶ 12} "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
"(B) Permissive intervention
 {¶ 13} "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
 {¶ 14} "(C) Procedure
 {¶ 15} "A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene."
 {¶ 16} The Ohio Supreme Court has held failure to comply with Civil Rule 24(C) results in the denial of the motion to intervene. State ex rel. Wilkinson v. Reed 2003-Ohio-2506,99 Ohio St.3d 106; State ex rel. Polo v. Cuyahoga Cty. Bd. ofElections 1995-Ohio-269, 74 Ohio St.3d 143.
 {¶ 17} Upon review of the record, appellant's motion to intervene was not accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention was sought. Accordingly, the trial court properly denied appellant's motion for failure to comply with Civil Rule 24(C).
 {¶ 18} The trial court also denied appellant's motion to intervene on the independent basis stated in the receiver's response and surreply regarding the statute of limitations.
 {¶ 19} In Ohio, it is well settled a person may not intervene when his claim is barred by the statute of limitations. Likoverv. Cleveland (1978), 60 Ohio App.2d 154; Picciuto v. LucasCounty Board of Commissioners (1990), 69 Ohio App.3d 789.
 {¶ 20} Upon review, we find appellant's claim is barred by R.C. 2305.07, the applicable statute of limitations. The statute states:
{¶ 21} "2305.07 Contract not in writing
 {¶ 22} "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."
 {¶ 23} Appellant maintains its claim is based upon a written, not oral, contract. Appellant's argument is based upon letters from Mr. Morelli appearing to reference activities by Mr. Gaetano Mattioli Cecchini, the owner of Avanti Corporation, relating to Morelli's properties. Appellant also references checks written by appellant and negotiated by Morelli Realty, claiming the same evidences a contractual relationship.
 {¶ 24} We find the writings relied upon by appellant evidence the existence of a contract, but do not constitute a contract themselves. We further find appellant's claim is based upon a contract not in writing and subject to the statute of limitations provided in R.C. Section 2305.07.
 {¶ 25} Appellant claimed monies owed for services performed prior to January 1997, for the benefit of Morelli Realty. As a result, appellant's claim is barred by the six-year statute of limitations.
 {¶ 26} The May 13, 2005 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Hoffman, J., Boggins, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.